## THE STATE v. CAPTAIN MATHIS.

*Governor—Power to Pardon and Commute—Appeal.*

The Governor, after conviction for a criminal offence, has the power to commute the sentence of the Court, although an appeal is pending in the Supreme Court; and this fact being made properly to appear, the appellant will be allowed to withdraw his appeal.

MOTION in Supreme Court to withdraw appeal. The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. C. Manly,* for defendant.

MERRIMON, C. J.: The appellant prisoner was convicted at Spring Term, 1891, of Wilkes Superior Court, *Bynum, J.,* presiding, of the crime of murder and there was judgment of death against him, from which he appealed to this Court. Pending the appeal, and before it was reached in its order to be heard and determined, the Governor commuted his sentence of death to imprisonment for life in the penitentiary. The prisoner accepted such commutation, and in pursuance of the same he is now imprisoned in the penitentiary. When the appeal was called in its order to be heard, the prisoner presented and exhibited before the Court the order of commutation of his sentence duly made and signed by the Governor, and signified his acceptance of the same, and prayed the Court that he be allowed freely to abandon his appeal, and that the Court take no further notice of or action in and about the same.

The Attorney General admitted the commutation of the prisoner's sentence and his acceptance of the same, and made no objection thereto, and prayed the Court to make such disposition of the appeal as it might deem proper.

After the prisoner was convicted, the Governor had power and authority to commute the sentence of death against him to the lesser punishment of imprisonment for life in the penitentiary. Const. Art. 3, §6; *The Code,* §1096. The appeal did not, as formerly, vacate the judgment of death pending the appeal. It remained in full force to be executed, unless the Court should adjudge there was error therein. The statute (Acts 1887, ch. 191) so expressly provides, and hence no question such as that very seriously considered in *State* v. *Alexander,* 76 N. C., 231, arises here.

It certainly appears to the Court that the Governor has granted such commutation of the prisoner's sentence; that the latter has accepted the same, and is now undergoing punishment in the penitentiary in pursuance of law in such

cases.   There is, therefore, no reason why he shall not be allowed to abandon his appeal.   His application must be granted and the appeal dismissed.

Appeal dismissed.